UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH BUSCH, et al., | ) </br> ) </br> ) </br> ) |
| Plaintiffs, | )    No. 4:12-CV-2372-JAR </br> ) |
| v. | ) </br> ) |
| VALARITY, LLC, | ) </br> ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings. (Doc. No. 16) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Between October 2012 and January 2013, Plaintiffs filed actions against Defendant Valarity, LLC ("Valarity") in the Circuit Court of Franklin County, Missouri, alleging Valarity violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3) ("FDCPA") by requiring them to dispute a debt owed in writing rather than orally.[1] In pertinent part, Valarity's written notice to Plaintiffs states:

> Unless you notify this office in writing within 30 days after receiving this
> notice that you dispute the validity of this debt or any portion thereof, this

---

[1] Wright v. Valarity, LLC, Case No. 4:13-cv-00015-RWS; Stanfill v. Valarity, LLC, 4:13-cv-00017-HEA; Chavers v. Valarity, LLC, 4:13-cv-00018-TIA; Harrison v. Valarity, LLC, 4:13-cv-00019-JCH; Graham v. Valarity, LLC, 4:13-cv-00134-RWS; Komo v. Valarity, LLC, 4:13-cv-00135-RWS; Whitfield v. Valarity, LLC, 4:13-cv-00136-HEA; and Kurzenberger v. Valarity, LLC, 4:13-CV-188-JAR.

1

> office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such verification or judgment. If you notify this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Doc. No. 4-1) Valarity timely removed the cases to this Court, where they were consolidated for all purposes. (Doc. No. 10) Valarity maintains its requirement that a debtor dispute the debt owed in writing does not violate §1692g(a)(3), and moves for judgment on the pleadings. Plaintiffs oppose the motion, relying on <u>Camacho v. Bridgeport Financial, Inc.</u>, 430 F.3d 1078 (9th Cir. 2005), which holds that the plain language of § 1692g does not impose an "in writing" requirement on consumers to dispute the validity of a debt. (Mem. in Opp., Doc. No. 18, pp. 3-5)[2]

**Legal Standard**

In deciding a motion for judgment on the pleadings, the Court "accept[s] all facts pled by the nonmoving party as true and draw[s] all reasonable inferences from the facts in favor of the nonmovant." <u>Unite Here Local 74 v. Pinnacle Entertainment, Inc.</u>, 2011 WL65934, at *2-3(E.D.Mo. Jan. 10, 2011) (quoting <u>Waldron v. Boeing Co.</u>, 388 F.3d 591, 593 (8th Cir. 2004)). This is a strict standard, as "[j]udgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." <u>Id</u>. (quoting <u>United States v. Any and All Radio Station Transmission Equip.</u>, 207 F.3d 458, 462 (8th Cir. 2000)). As summarized in Federal Practice and Procedure:

---

[2] Plaintiffs supplemented their memorandum in opposition with recent decisions from the Second and Fourth Circuits also holding that a debtor need not send a writing to contest the debt under § 1692g(a)(3). (Doc. Nos. 22, 26-1)

> [A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice.

Id., at *3 (quoting 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1367 (3d ed. 2010)).

**Discussion**

Section 1692g(a) of the FDCPA requires a debt collector, within five days of an "initial communication" about the collection of a debt, to send a consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, *disputes the validity of the debt*, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that, if the consumer notifies the collector *in writing* within the thirty-day period that the debt is disputed, the collector will send verification of the debt to the consumer; and

(5) a statement that, upon the consumer's *written request* within the thirty-day period, the collector will provide the name and address of the original creditor, if different from the current creditor.

(Emphasis added.) In addition, §1692g(b) requires the debt collector to cease collection of the debt upon *written notice* from the consumer within the thirty-day period that the debt is disputed.

The law is unsettled as to whether a debt collector violates § 1692g(a)(3) by requiring a consumer's dispute of a debt to be in writing. See Jerman v. Carlisle, McNellie, Rini, Dramer & Ulrigh LPA, 130 S.Ct. 1605, 1610 (2010) (noting circuit split). The Third Circuit has held that a notice imposing a writing requirement does not violate § 1692g, see Graziano v. Harrison, 950 F.2d 107 (3rd Cir. 1991), while the Ninth Circuit, and, more recently, the Second and Fourth

3

Districts, have held that it does. Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078 (9th Cir. 2005); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282 (2nd Cir. 2013); Clark v. Absolute Collection Service, Inc., 2014 WL 341943 (4th Cir. Jan. 31, 2014).

In Graziano, the Third Circuit concluded that a consumer debtor must send a written statement to contest the validity of the debt under § 1692g(a)(3).[3] The Third Circuit's reasoning centered on two points. First, the court stated that reading § 1692(a)(3) not to impose a writing requirement would result in an "incoherent . . . system" in light of the explicit writing requirements in §§ 1692g(a)(4), (a)(5), and 1692g(b). 950 F.2d at 112. "[U]pon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt collection efforts." Id. The Graziano court concluded that Congress could not have intended such a result. Second, the court observed that written statements serve the useful purpose of creating a record of the dispute. Id.

In Camacho, the Ninth Circuit concluded that a consumer debtor need not send a writing to contest the debt under § 1692g(a)(3). The Ninth Circuit's reasoning centered on four points. First, the court stated that the contrasting explicit writing requirements in §§ 1692(a)(4) and (a)(5) showed that Congress did not intend to impose a writing requirement under § 1692(a)(3): "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Id. at 1081 (quoting Russello v. United States, 464 U.S. 16, 23, (1983). Second, the court stated that this interpretation was sound because the statute

---
[3] The Third Circuit recently reaffirmed this holding in Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142, 148 (3rd Cir.2013).

4

provides for other protections in the event of a dispute, and those protections depend only on whether a debt was disputed, and not on whether there was a prior writing. Id. at 1081–82. For example, once a debt has been disputed, a debt collector cannot communicate the debtor's credit information to others without including the fact that the debt is in dispute. § 1692e(8). If a debtor owes multiple debts and makes a payment, the debt collector is prohibited from applying such payment to the disputed debt. § 1692h. Third, the court concluded that the legislative purpose of allowing alleged debtors to question and challenge the initial communication of the collection agency is furthered by permitting oral objections. Camacho, 430 F.3d at 1082. Finally, the court stated that its reading—by which some rights can be triggered by an oral dispute, but others required a written statement—would not mislead consumers, as Graziano suggested. Id.

The Second Circuit has followed the reasoning of the Ninth Circuit. In Hooks, 717 F.3d 282, the Court found no tension between the provisions of the FDCPA that allow debtors to dispute the validity of a debt orally but mandate written notice when they seek other protections under the statute. "The right to dispute a debt is the most fundamental of those set forth in §1692g(a), and it was reasonable to ensure that it could be exercised by consumer debtors who may have some difficulty with making a timely written challenge." Id. at 286. The Court acknowledged that other provisions of the FDCPA call for debtors to provide a written dispute before debt collectors have to produce verification of the debt and cease collections efforts pending verification, yet found no reason to ignore this differing statutory language. "Indeed, giving effect to the difference creates a sensible bifurcated scheme" that allows debtors to protect certain basic rights through an oral dispute, but triggers a broader set of rights by disputing a debt in writing. Id.

5

Likewise, the Fourth Circuit has found that relying on the writing requirements in §§1692g(a)(4), 1692g(a)(5), and 1692g(b) to give effect to §1692g(a)(3) would violate well-established principles of statutory construction, leaving §1692g(a)(3) with no independent meaning. Clark, 2014 WL 341943, at *3. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Id., at *2 (quoting Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)). Further, even though some rights under the FDCPA could only be triggered by written statements from the consumer, not reading a writing requirement into the statute did not create an absurd result, since an oral dispute alone triggered a number of rights under the Act. Id., at *3.

Some district courts have followed the Third Circuit's reasoning in Graziano and determined that a writing is required to effectively dispute a debt and, thus, a writing requirement is implied in § 1692g(a)(3). See, Grant-Fletcher v. McMullen & Drury, P.A., 2013 WL 4051890, at *6 (D. Md. Aug. 8, 2013); Ingram v. Corporate Receivables, Inc., 2003 WL 21018650, at *6 (N.D.Ill. May 5, 2003); Castillo v. Carter, 2001 WL 238121, at *3 (S.D. Ind. Feb. 28, 2001); Blair v. Collectech Systems, Inc., 1998 WL 214705, at *2 (N.D. Ill. Apr. 24, 1998); Flowers v. Accelerated Bureau of Collections, Inc., 1997 WL 136313, at *6 (N.D. Ill. Mar. 19, 1997); Sturdevant v. Thomas E. Jolas, P.C., 942 F.Supp. 426, 430 (W.D.Wis.1996).

The majority of district courts, however, have disagreed with Graziano and concluded that §1692g(a)(3) does not impose a writing requirement on consumers. These courts have acknowledged that the plain language of §1692g(a)(3) does not require that the consumer dispute the validity of the debt in writing and, consequently, any preference for writing should not override Congress's intent as evidenced by its chosen language. See, Campbell v. Hall, 624

F.Supp.2d 991, 1000 (N.D. Ind. 2009); In re Turner, 436 B.R. 153, 157 (M.D. Ala. 2008); Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143, 147 (D. Conn. 2007); Jerman v. Carlisle, 464 F.Supp.2d 720, 725 (N.D. Ohio 2006); Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273, 1276-77 (S.D.Fla.2006); Turner v. Shenandoah Legal Group, P. C., 2006 WL 1685698, at *5 (E.D.Va. June 12, 2006); Chung v. Nat'l Check Bureau, Inc., 2005 WL 1541030, at *3 (S.D. Ind. Jun. 30, 2005); Vega v. Credit Bureau Enters., 2005 WL 711657, at *8 (E.D.N.Y. Mar. 29, 2005); Rosado v. Taylor, 324 F.Supp.2d 917, 929 (N.D.Ind.2004); Walters v. PDI Management Services, 2004 WL 1622217, at *5 (S.D.Ind. Apr. 6, 2004); Nasca v. GC Services Limited Partnership, 2002 WL 31040647, at *6 (S.D.N.Y. Sept. 12, 2002); Spearman v. Tom Wood Pontiac-GMC, Inc., 2002 WL 31854892, at *6-8 (S.D.Ind. Nov. 4, 2002); In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493, 502 (S.D.N.Y. Jun. 14, 2002); In re Sanchez, 173 F.Supp.2d 1029, 1030-31 (N.D. Cal. 2001); Castro v. ARS National Servs. Inc., 2000 WL 264310, at *3 (S.D.N.Y. Mar. 8, 2000); Ong v. American Collections Enterprise, 1999 WL 51816, at *3 (E.D.N.Y. Jan. 15, 1999); Reed v. Smith, Smith & Smith, 1995 WL 907764, at *3 (M.D.La. Feb. 8, 1995).

The Court agrees with the reasoning of the Ninth, Second and Fourth Circuits and the weight of the authority from district courts holding that § 1692g(a)(3) should be interpreted to allow consumers to dispute the validity of their debt in ways other than writing. The Eighth Circuit instructs that one of the primary principles of statutory and constitutional construction is to give words and phrases their plain meaning and effect. "This Court assumes that statutes mean what they say and that legislators have said what they meant. When the language of a statute is clear, certain, and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute." Utility Elec.

7

Supply, Inc. v. ABB Power T & D Co., Inc., 36 F.3d 737, 740 (8th Cir. 1994). See also U.S. v. I.L., 614 F.3d 817, 820-21 (8th Cir. 2010). Because the plain meaning of the statute is clear and unambiguous, § 1692g(a)(3) does not impose a writing requirement on consumers. The Court finds that Valarity's notices violate § 1692g(a)(3) insofar as they state that disputes must be made in writing. Thus, Valarity's motion for judgment on the pleadings will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings [16] is **DENIED.**

Dated this 5th day of February, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE